UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLLIN CLAUDIUS ANTHONY
MANNING,

       Petitioner,

   v.                     Case No.:  2:26-cv-01873-SPC-KRH

TODD BLANCHE *et al.*,

       Respondents,

                              /

## OPINION AND ORDER

Before the Court are Rollin Claudius Anthony Manning's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Manning is a native and citizen of Jamaica who entered the United States on September 12, 2018, on a B-2 nonimmigrant visitor visa.  Manning overstayed the visa, and on June 24, 2021, Immigration and Customs Enforcement ("ICE") commenced removal proceedings by issuing a notice to appear.  An immigration judge first ordered Manning removed from the United States on July 28, 2021.

Manning spent 543 days in ICE custody during 2021 and 2022, until ICE released him on bond on December 13, 2022.  After appeal and remand, the immigration judge ordered Manning removed in absentia on October 21, 2024. The immigration judge granted Manning's motion to reopen the case a couple

months later and scheduled a hearing for June 1, 2027. Manning is the beneficiary of an approved I-130 petition for alien relative filed by his U.S. citizen wife, and he has work authorization through 2029 and a pending application for adjustment of status.

On February 18, 2026, local law enforcement arrested Manning for battery. The charge was dismissed, and ICE took custody of Manning on March 22, 2026, and detained him at Alligator Alcatraz. An immigration judge scheduled a custody redetermination hearing for June 1, 2026. Detainees at Alligator Alcatraz do not have regular access to counsel or the ability to obtain and exchange documents. As a result, Manning's attorney was unable to obtain criminal records until she traveled to Alligator Alcatraz on May 31, 2026, and what counsel obtained was limited. On June 1, 2026, Manning and his counsel appeared for the bond hearing and requested more time to assemble a proper record. The immigration judge denied the request, found the record insufficient to assess Manning's dangerousness due to an absence of documentation, and denied bond.

Manning asserts the bond hearing was insufficient to satisfy Fifth Amendment due process requirements, so his continued detention is unlawful. The Court ordered the government to respond to all allegations, grounds, and arguments. The government does not contest any of Manning's factual allegations or address his due-process argument. Instead, it relies solely on a

2

subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

§ 1226(e) only partially applies here. It strips the Court of jurisdiction over Counts 3 and 4, which challenge the immigration judge's discretionary bond decisions. But Counts 1 and 2 assert bona fide procedural due process claims. In short, Manning argues the respondents detained him under conditions that limited his ability to gather evidence, then used the resulting lack of evidence to justify continued detention. The government does not refute that argument. The Court turns to the merits of Manning's procedural due process claim.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Manning's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). According to Manning's undisputed characterization of the bond hearing and the circumstances preceding it, the respondents prevented him from gathering evidence before the bond hearing, and the immigration judge then refused to give Manning's counsel more time

4

to gather relevant documents, placed the burden of proof on Manning, and found Manning failed to prove he is no danger to the community because the record was incomplete.  The procedures used here made continued detention all but inevitable, regardless of the existence of any special justification.

Third, the government has not established any legitimate interest in Manning's continued detention.  Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community.  *Zadvydas*, 533 U.S. at 690.  The government does not argue—much less prove—that Manning's detention serves either purpose.  Manning has participated in immigration proceedings for years, and he has a plausible pathway to permanent residence.  The record is devoid of any evidence Manning is a flight risk.  The only evidence of dangerousness is a misdemeanor battery charge that was ultimately dropped.

In sum, Manning made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Rollin Claudius Anthony Manning's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

5

(1)    Within 24 hours of this Order, the government shall release Manning and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record